IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHARI FRANKLIN
on behalf of herself and a class,

        Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC.; MIDLAND FUNDING LLC;
and ENCORE CAPITAL GROUP, INC.,
formerly MCM CAPITAL GROUP, INC.,

        Defendants.

3:09-CV-1363 MRK

309CV01363 MRK

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Shari Franklin brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); Midland Funding LLC; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

3. Venue in this District is proper because defendants' collection communications to the plaintiff and numerous class members were received in this District.

### PARTIES

4. Plaintiff Shari Franklin is an individual who resides in West Haven, Connecticut.

5. Defendant Midland Funding LLC is a Delaware corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. It does or transacts business

1

in Connecticut.

6. Defendant Midland Funding LLC is in the business of acquiring or claiming to acquire charged-off debts allegedly owed by consumers and originally owed to others.

7. Defendant Midland Funding LLC then seeks to enforce the debts against the consumers.

8. Defendant Midland Funding LLC has paid an average of less than 10 cents on the dollar for the debts it has purchased.

9. Defendant Midland Funding LLC is the plaintiff in numerous collection lawsuits pending in various courts during the year preceding the filing of this action.

10. Defendant Midland Funding LLC is a "debt collector" as defined in the FDCPA.

11. Defendant MCM is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. MCM does or transacts business in Connecticut.

12. Defendant MCM is a collection agency and collects the bad debts allegedly acquired by MRC.

13. Defendant MCM is a "debt collector" as defined in the FDCPA.

14. MCM and Midland Funding LLC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

15. Encore describes itself on its Web site as "a systems-driven purchaser and manager of charged-off consumer receivable portfolios."

16. Encore (a) secures funds from investors and lenders for the purpose of purchasing the debts to which Midland Funding LLC takes title, (b) devises the collection strategies used by the other defendants and (c) participated in the debt collection activities.

17. Encore is a "debt collector" as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

18. On or about June 25, 2009, defendant MCM, acting on behalf of Midland Funding LLC sent plaintiff the collection letter attached as Exhibit A, consisting of form "LT1A" accompanied by form "INS-557-A-O".

19. The INS-557-A-O form is the "privacy notice."

20. Exhibit A sought to collect an alleged debt incurred for personal, family or household purposes and allegedly purchased by Midland Funding LLC after default.

21. Exhibit A was sent on behalf of Midland Funding LLC, the alleged owner of the debt.

22. Exhibit A sought to collect an alleged debt incurred for personal, family or household use.

## PRIVACY PROTECTIONS IN FDCPA

23. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties...." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

24. 15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

## FALSE REPRESENTATIONS IN PRIVACY NOTICE

25. The privacy notice states that defendants may disclose nonpublic personal

information obtained in connection with debt collection activities to "Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance."

26. The letter states "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

27. The first sentence of the privacy notice states "Midland Credit Management, Inc. ("MCM," also referenced below as we, our, and us) is delivering this Privacy Notice to you to generally describe the nonpublic personal and financial information we gather about you as the servicer of your account."

28. The privacy notice further states:

**What Information Do We Collect?**
We collect nonpublic personal information about you from the following sources:

* Information we receive from you on applications or other forms. This information may include:

    * Your name
    * Address
    * Social security number
    * Telephone number
    * Other relevant information that you provide

* Information we receive about your account transactions with us, our affiliates, or others including the original creditor. This information may include:

    * Account balance
    * Payment history
    * Account activity
    * Other customer information

* Information we receive from consumer reporting agencies (such as credit scores and history) and other information relating to your creditworthiness.

29. The privacy notice states:

**To Whom Do We Disclose Information?**

> We may disclose nonpublic personal information about our current and former customers to the following types of third parties:
>
> * Non-financial companies, such as direct marketers or retailers of consumer products and services
> * Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance
>
> \*\*\*
>
> We may also disclose nonpublic personal information about our current and former customers to nonaffiliated third parties as require or permitted by law.

30. The privacy notice states that if the consumer wishes that defendants not disclose nonpublic personal information about you to nonaffiliated third parties, the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

31. Defendants were held liable for a similar notice in *Hernandez v. Midland Credit Mgmt.*, No. 04 C 7844, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill., Mar. 6, 2007, as amended Sept. 25, 2007).

32. Defendants continued making statements essentially the same as those held to be illegal in the above decision, after the decision.

### CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a class.

34. The class consists of (a) all natural persons (b) with Connecticut addresses (c) to whom any of the defendants sent the form "INS-557-A-O" "privacy notice," (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

35. The class members are so numerous that joinder is impracticable.

36. On information and belief, there are more than 50 natural persons with Connecticut addresses, to whom any of the defendants sent the form "INS-557-A-O" "privacy

notice," on or after a date one year prior to the filing of this action.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "privacy notice" violates the FDCPA.

38. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from obstinately continuing their violations of the law. Many debtors may not realize that their rights are violated.

## COUNT I – FDCPA

41. Plaintiff incorporates paragraphs 1-40.

42. The statements in the privacy notice violate 15 U.S.C. §§1692e, 1692e(5) and 1692e(10).

43. Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff

6

and the class members and against defendants for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

## COUNT II -- CREDITORS' COLLECTION PRACTICES ACT

44. Plaintiff incorporates paragraphs 1-40.

45. This claim is against Midland Funding LLC, only.

46. Defendant Midland Funding LLC is a creditor as defined by the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 et seq.

47. Plaintiff is a consumer debtor as defined by the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 et seq.

48. The privacy notice was a communication within the meaning of Conn. Agencies Regs. §36a-647-2.

49. Conn. Gen. Stat. §36a-647 prohibits creditors from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

50. The Commissioner has adopted regulations, Conn. Agencies Regs. §36a-647-5 and -6, prohibiting false or misleading representations identical in all pertinent respects to the prohibitions against such representations in the FDCPA.

51. Midland Funding LLC's actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant Midland Funding LLC for:

    (1)    Statutory damages pursuant to Conn. Gen. Stat. §36a-648;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

## COUNT III -- CONNECTICUT UNFAIR TRADE PRACTICES ACT

52. Plaintiff incorporates paragraphs 1-40.

53. Defendant MCM is a Consumer Collection Agency licensed by the Connecticut Banking Department.

54. Plaintiff is a consumer debtor as defined by Conn. Gen. Stat. §36a-800(2).

55. The privacy notice was a communication within the meaning of Conn. Agencies Regs. §36a-809-3(a)(2).

56. Conn. Gen. Stat. §36a-806 prohibits collection agencies from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

57. The Commissioner has adopted regulations, Conn. Agencies Regs. §36a-809-3(f) and §36a-809-3(g), prohibiting false or misleading representations identical in all pertinent respects to the prohibitions against such representations in the FDCPA.

58. Defendants' actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking.

59. Defendants' violations of the regulations adopted by the Commissioner of Banking constitute unfair or deceptive practices in violation of Conn. Gen. Stat. §42-110b(a).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Appropriate damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

PLAINTIFF,

By: _____
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

## JURY DEMAND

Plaintiff demands trial by jury.

PLAINTIFF,

By: _____
Joanne S. Faulkner ct04137

T:\23389\Pleading\Complaint with state claims and limited class period_.wpd